Good morning, your honors. May it please the court. My name is Cadence Mertz, and I'm here with Patrick Bryant, the Federal Public Defender's Office, on behalf of Mr. Krueger. The search of Mr. Krueger's home and the seizure of his devices, which occurred in November of 2019, was based on stale and fleeting information and thus lacked probable cause under the Fourth Amendment. Approximately three years later, when the state case had been dismissed, federal law enforcement then unreasonably delayed in seeking a warrant to search those same devices that had been seized back in 2019. Can I ask you a question about the unreasonable delay claim? So that is a claim that there's been an unduly long seizure because the police waited too long to get a warrant, your property was seized for longer than it otherwise would have been, and you were deprived of a possessory interest in the property. I just don't understand how that doctrine is implicated in this case where the property had already been seized by the state and there's nothing in the record suggesting that the length of that seizure had anything to do with the federal warrant. Do you see what I'm saying? Your Honor, I think I understand the question. The federal government, when it went to apply for the warrant, was relying on the seizure that had occurred three years prior. Those devices had been taken from Mr. Krueger back in 2019, but even if you fast forward to the point where the federal government says that it became involved in the case, which was 2022, those devices remained seized. They did, but is there anything in the record suggesting that is because the federal government was in the process of getting a warrant and not because the state had seized them and nobody ever asked for it back? Because I couldn't find anything. I mean, maybe there's something floating around here that I'm not aware of, but I don't see any link between the federal government deciding to get a warrant and the the government, the federal government is relying on the seizure. It's by the state. Right, but that seizure was timely. Right. Well, that seizure was timely. I mean, they didn't, there was no, the state seizure, you're not making an argument or argue that the state delayed in getting its warrant and that that extended the, but the property was seized pursuant to a warrant. So there's no delay question as to the first, the only seizure of this property. That's correct, Your Honor. Okay. We are not arguing that the state delayed. We are arguing that the state lacked probable cause. Right, but that's a different, yeah. That's a separate issue. I think that the issue with the delay is that at the time that the case was dismissed and the devices were, remained seized, at that point in time, the federal government had a duty to act quickly. Why? Law enforcement had a duty to have the stuff. Like, I don't understand why the state didn't just give it back when they dismissed the case, but apparently they didn't and your client didn't ask for it back. How is this the federal government's fault? It is our understanding, though the government would have to explain further, but the state's possession of the devices was then in furtherance of the federal government now picking up the case. That's what I'm saying. So you think there's somewhere in this record that shows, but for the federal government picking up the case, the state would have returned that property? I don't think that the government would say that. I think the government would say we were going to keep the, the state was going to keep these devices anyways. Until someone asked for them back and nobody did. It's not like your client went and said, now I'd like my stuff back. But I don't think that that means that there's no possessory right that's implicated. I think that there was. By what the federal government did. Correct. Okay. Because the devices were still the subject of an ongoing investigation that had now been passed off to the federal government and involved. So you think they were like constructively in the possession of the federal government at this point? I don't know if I would say that, but I think there is. I think you have to. Your Honor, I think there's a very close relationship here. We're talking about the same officers. I'm sure the court is aware that this is all, the investigation was begun by one officer and then even when it became a federal investigation was still being undertaken by the same officer. But even accepting that, if you did have that link, don't you still have to show, I'm still trying to figure out where the delay is. Because if the federal government taking over somehow implicates the fact that it has responsibility for the devices being seized, it acts on that within a couple of months. And so, this is a delay argument. What's the delay? The delay is the period of time where the government is still holding onto the devices and has not acted to actually further its investigation and search the devices. So, are you saying whenever it is, and I tried to write it down, so I couldn't. The federal government takes over responsibility, I'm just using those words loosely, in September of 22, I mean July of 22. At some point in 2022, no later than that. It's like a couple months before the September 22 warrant, right? And so, are you complaining about those two months? Two and a half months, yes. So, that's your unreasonable delay argument that you have here. I mean, first we've got to have the link, second you're saying that two and a half months is an unreasonable delay? We are saying that the two and a half months is an unreasonable delay, and there is case law supporting that that is an unreasonable delay. If law enforcement has a device and does not have a warrant that they've seized and they are holding onto, and then they take two and a half months to go get legal authority to conduct the search, that that is unreasonable. They have a duty to act diligently. When they have, but I guess I'm going back to the first part. They don't have those devices. Your Honor, and so the two and a half months is the basis of our argument, but that's the minimum delay that was present in this case. Actually, the delay can be taken back. You could look at it as going back to November 2019. The federal government was supposed to get a warrant right then, you would say? I would not say that they had to get a warrant right then, but the federal government had no, there was no impediment to the federal government coming in and conducting an investigation. The government has said the federal government was sort of ceding authority because the state was investigating. But first, the federal government often will investigate at the same time as a state government. Second, the officer is the same. He becomes a task force officer. We do not know when, but he is the same officer. And third, the federal government then relies on that seizure, and that seizure occurred in November 2019. I feel like there's actually a third step to your argument, and the state isn't raising this, but I would be interested in any thoughts you have. It's not clear to me why even if there was a delay, an unreasonable delay here that implicated a possessory interest, that exclusion of the evidence would be the remedy. And in, what's that, the Hudson versus Michigan, the knock-and-announce case, the court says, look, exclusion is about privacy interests, and when the violation has to do with something other than privacy interests, exclusion is not the right remedy. And so I'm just wondering why exclusion would be the remedy for an infringement on a possessory interest here. Your Honor, there are, first of all, the delay is, it is an obligation of law enforcement to act with diligence. But so maybe he can, okay, no, go on, I do want to hear it too. Thank you, Your Honor. It is, to then have the responsibility to conduct the investigation, to seize the item, and then wait to obtain a warrant for two and a half months or for three years, whichever number the court relies on. That is, that is a violation of the constitutional duty of reasonableness. Okay, Ms. Mertz, I'm a little confused because when I read the JA, the argument that you were making to Judge Brinkman, weren't you, weren't you relying on the 11-month period at JA 83? You're talking about the 11-month delay? Judge Keenan, there are, so there are two separate time period issues in this case, and the 11-month, I think it's actually probably closer to 10 months. That period of time is part of our staleness argument, which goes to probable cause. The delay issue is a separate and independent basis why this warrant was improper, but it is a separate period of time. So are you saying that when the judge was ruling on JA 84, talking about the complexity of going through and doing the forensic searches of these types of devices, I'm not finding that the length of time is so problematic that it would justify suppressing the evidence? What was the judge referring to there? Your Honor, I think that reference is specific to the staleness argument, which was, you know, what we've argued in terms of probable cause is that not only was this a fleeting, a very brief and fleeting interaction that law enforcement identified, and identified in January of 2019, they then waited another 10 months before going and getting a warrant to conduct the search. And that's not at all, I guess I'm confused here, that's not at all part of your argument today? It is part of our argument, it goes to probable cause, and we've argued that the delay is a warrant will be invalid. And they, actually the delay... It seems to me that the real delay and the issue of staleness is that period, rather than simply, you know, the bureaucratic machinations of, you know, transferring the devices from state to federal custody and all of that. That's correct, Your Honor. It seems to me the real rub is that 11 months, isn't it? We absolutely agree with that, and that is the primary, so there are two arguments. First is that there was a lack of probable cause, and that goes to the staleness issue that Your Honor is raising. Do you claim on staleness? I think that that is a legal issue we review de novo? Your Honor, I think it's a combined issue of fact and law, Your Honor. Motion to suppress is not that way. It's something that we review for clear error, and strew the evidence in the light most favorable to government. Are we supposed to do that? Well, Your Honor, Judge Brinkman didn't really delve into the staleness question. I think, as Judge Keenan was just quoting, it was a very brief part of the argument at the end, that we had raised it in our papers and spent some time on it in our papers, but I don't believe that there was much of a factual finding other than that probable cause was not an issue. Well, still, maybe. So if your argument is the district court committed a legal error, you can say that, and we might do that, but if you could just answer, what's our standard of review for the staleness argument? Your Honor, I think the court can look de novo at the legal conclusion, but with respect to the facts, I think the court has to consider what Judge Brinkman said about the facts, but there was no real finding made. What she said was that she didn't find staleness, but she also spent very little time on it. It was really about whether or not the affirmation had been signed. The factual issue that was raised at the hearing specifically had to do with how the second page of the original application was lost and whether or not the affirmation had been signed. I'm sorry. How was this a search? In other words, why was a separate warrant required in this case? The property was already out of the possession of the defendant, pursuant to action by state authorities. So the fact that the federal government then viewed the copy of what was seized, how does that become a search? It's a little atypical, you agree? I think it is a little atypical, and we haven't found a lot of cases with a similar factual pattern, but I do think it is a factual pattern that comes up a fair amount, at least at the district court level, because it is not uncommon for the federal government to take a case over from the state. We get a lot of cases in that manner. It is a search because, as we've argued, we don't believe that there was probable cause for this seizure and for the search, and therefore the federal government needed to go get a valid warrant to conduct the search. Does the defendant have a possessory interest in the copy that allegedly was searched? Your Honor, the defendant certainly has a possessory interest in the devices, and there are just two points I want to make about the possessory interest in those devices. First, I think the government is arguing, well, there was contraband. I see my time is up. May I finish answering the question? The government has argued that there was contraband on the devices, and therefore there was no possessory interest, but that isn't a conclusion they can come to only if they have a valid basis on which to be searching the devices in the first place. It also doesn't address the possessory interest in all of the other content that is on the devices, and the courts have recognized that computers and cell phones in this day and age have so much information on them that there continues to be a possessory interest. Thank you. Good morning, Your Honor. Rachel Rothberg for the United States. I just wanted to quickly clarify the findings that the district court did, in fact, make during the evidentiary hearing. First, the district court did make factual findings regarding staleness. In Joint Appendix 86, the judge said 11 months is a very short period of time looking to the nature of the contraband being searched for. The judge also referred to the case law saying that the length of time here is not such that it per se means it's a stale search. Joint Appendix 85, Joint Appendix 86, the judge says as the government correctly points out and based on the court's experience with child pornography cases, offenders often collect and keep the materials. With respect to the unreasonable delay on page that issue, the district court did make findings as well on the unreasonable delay issue. I would note that in the district court, the defendant was arguing about the three-year period, not the two-and-a-half-month period. And so the court on JA 84 to 85 was in fact, the court said, I'm not finding in this case that the length of time in any respect is problematic, that it would justify suppressing the evidence. And then the court went on to talk about the COVID-19 pandemic, which occurred between 2019 and 2022. The court talked about the complexity of these forensic searches. And then of course, the fact that the defendant never made any requests for the property. Well, the court seemed to kind of blend its analysis, didn't it? I mean, kind of addressing the probable cause as far as staleness, but then going into the complexities in this type of evidence, maybe arguably addressing staleness, but then talking about COVID-19, the court was talking about delay in the federal pursuit of the case, was it not? So it's a little confusing, I guess, or maybe just to me, but a little confusing with regard to the analysis of when the court was talking about probable cause and when the court was about the federal execution. Yes, Your Honor. I do believe that there is some distinction made though, that the district court is talking about the 11 months and the probable cause being found based on the magistrate Harris's testimony. And then the court separately goes on to the that's when the defendant is pressing the delay between 2019 and 2022. And so the court, as I understand it, is responding to that period of delay. Okay. Can I ask you a question about the unreasonable delay claim? Yes, Your Honor. I didn't understand your argument that you didn't need to get a second warrant. You could have searched it without the warrant. I mean, I understand why you think you didn't need to get a warrant, but I don't see how that helps on the case. If the police take my phone at an airport and then they hang on to it for two weeks, like now they've created a two-week seizure and I've lost an important possessory interest. I don't see how it gets better if they say, surprise, we didn't even need a warrant. We just were putzing around, but it turns out we could have searched it under exigent circumstances. Doesn't that make it worse? Your Honor, I believe the issue here is it's our position that this evidence was lawfully retained by Virginia State Police throughout the entire time period. It was the residents... I understand that. I was just wondering why, in connection with the unreasonable delay claim, you were making an argument that we didn't need to get the warrant anyway. I believe... We believe that we did not need a warrant and the seizure, there was no... That makes it better. Had there, in fact, been a seizure, it's better that you didn't need the warrant. It took you two and a half months to get it. You didn't even need it. You didn't have your stuff for two and a half months and it's better that we didn't need it. That just seems backwards to me. It's a minor point. Feel free to go on. Yes. We were not considering, because in our view and what is shown in the record and is not disputed, Virginia Statutory Authority and Virginia State Police had, based on their retention policies and their forfeiture proceedings, they could have disposed of the evidence at any time and because it contained contraband, which they... It contained contraband and that was discovered based on the lawful search and seizure in November 2019. And so in our view, searching a copy of the extractions was not another seizure and that would not implicate the Fourth Amendment rights of the defendant here. If this court disagrees, I would also just note that good faith would be applicable here to both the state, the purportedly defective state search warrant with respect to probable cause, as well as the unreasonable delay claim here. The defendant in briefing says that no court has held that good faith would apply to this type of constitutional violation and I would just note that in the Smith case. Tell me, help me understand, walk through, not just good faith broadly, but what are you saying was done in good faith? What was the decision that you say was made in good faith? There are multiple steps of good faith here, your honor, in our view. There is good faith for the execution of the state search warrant. The missing page was, it was an intact state search warrant when it was executed. The missing page was only determined later on. You think the good faith analysis goes to the state court or to the state law enforcement officials or to the federal ones? It could go to both, your honor, and the defendant is not even challenging that good faith wouldn't apply for the state search warrant. It's only, the argument is only made that good faith would not apply to the purportedly unreasonable delay. Okay, but the whole concept underlying good faith is reliance, reasonable reliance, don't you agree? Yes, your honor. Okay, so what was the federal government relying on that would put it within the ambit of the good faith exception? The reliance is on the warrant that the magistrate Harris signed off on without probable cause. So they were relying on the probable cause determination of the magistrate? Yes, as well as the probable cause determination of the federal magistrate. That's why I'm trying to have trouble. I mean, if they testified or believed they had, that the state court's warrant gave them a reason to rely, they could rely on that and search the copies. I just didn't get the impression that's what they were doing. And then, as for the delay, the warrant came after the delay. So the argument would be that they relied on something to delay. And I think you got, I think that the defendant has some real challenges on the merits of both arguments, but I'm not following the good faith. It seems like you're more saying, okay, looking at this case as a whole, they were acting in good faith, but I don't think that's how it works. We look at specific actions and what they were relying on, and I'm just trying to see how that matches up. I mean, good faith is not like, you know, harmless error, some roving thing that makes something wrong, you know, all of a sudden right. You got to rely on something, and I'm not seeing it here. Yes, I believe what we'd be arguing is that this law enforcement officer had no, was operating in objectively reasonable reliance on the state search warrant, which three courts found had probable cause, and that determination deserves substantial deference. So that is one piece. He had no reason to believe that he was violating the defendant's constitutional rights. Accordingly, the officer, because this case law, there is no on-point relevant precedent here, the officer had no reason to believe that the basic retention of these devices and the extractions thereof were implicating the defendant's constitutional rights. Okay. If I could follow up. I'm sorry, were you finished there? Oh, no. Go ahead, Your Honor. Okay. I'm having trouble, I guess, like Judge Quattlebaum, or maybe separately from him, with the concept of good faith being applied here, because the, there was a federal warrant obtained, and an independent assessment was made. An affidavit was submitted in support of the warrant, and the federal warrant was issued. So how can you then go behind the federal warrant and rely in good faith on the actions that were predicated in granting the state warrant? Our argument, Your Honor, would be that because there was full disclosure to the federal magistrate, one of the purposes of Leon is to deter law enforcement's culpable, reckless, deliberate misconduct of constitutional rights. And here, the officer, a reasonably well-trained officer, would not have any reason to believe the state's search warrant itself. Right. But there was nothing to rely on, it seems to me. I'm, you know, just being the advocate here, but it seems to me that there was nothing for the federal government to rely on, because its magistrate made an independent assessment based on the affidavit submitted under oath. So it's not as if you had a defective federal warrant. So how can you articulate a good faith exception with regard to the state's action when there was a completed federal process that occurred here? Well, Your Honor. Either the federal magistrate was correct or incorrect on relying on these facts in support of the warrant. That's correct, Your Honor. And that's why we believe this court would not need to reach the good faith argument, because the federal government got an independent determination of probable cause by the federal magistrate. And again, the district court found that there was no error here, no constitutional error. And so we believe that this court does not need to reach the good faith argument if there's valid probable cause for the state's search warrant, which we believe there was. And unless the court has any further questions, we would ask you to affirm. Thank you. Thank you. Your Honors, I wanted to go back to the issue of probable cause. This is not a case where the probable cause that was presented both to the state magistrate and to the federal magistrate was essentially identical, except that once it was presented to the federal magistrate, it was many years later. But in this case, this is not a case where there was evidence to support the inclusion in the warrant application of collector of CP language, the inference that, which is what the government has relied on to say that the 11 months or 10 months that passed between January of 2019 when this conduct was observed and November of 2019 when the warrant was applied for, to say that that passage of time was not relevant. But in this case, it is not a case like some of the others the government has relied on where there was additional, there were additional indicia that the person who was the subject of this investigation was a collector. There was... Counsel, can I ask you just a question about the collector thing? The affidavit in this case also says a lot about a different rationale that we have sometimes relied on to find long periods, not adding up to staleness, which is however long it's been, we can always get this stuff off your computers. Like we have these special ways that we can find information, even if it's been deleted, even if it's been cleansed. So it really doesn't matter how long it's been. And there is that showing in the affidavit. So why isn't that enough here? Your Honor, the reason it's not enough is that in order to sort of reflexively rely on that justification, there has to be some indicia that the computer you're targeting would have had this information on it and had it on it for a period of time. How come it has to be over a period of time? Because particularly not here, where the information that was observed in January of 2019 was via a Wi-Fi hotspot doesn't even necessarily point to a person present in the home. It's not a landline or it's hardwired in there. But this isn't... I'm sorry, I guess I meant why isn't four days enough? Wasn't their activity observed for about four days? Right, but this was uploading via peer-to-peer BitTorrent network. And as the government has pointed to the BitTorrent network as essentially what the way that network functions is a person who requests files over BitTorrent, once those files start downloading on their computer, then they start to re-send them back out to the world. The person may or may not even have seen the files yet. So the government hasn't pointed to anything in the documents that this person had actually sought out CPE or that they clicked on a link that was titled CPE or that obviously contained child pornography. So your position is... So this isn't really, I mean, that's not really a staleness argument. Isn't that just like there was no probable, even if they had done this the next day, there was no probable cause? Your Honor, that's correct. That will be part of it. But then you add in the amount of time that has passed. You take the fleeting nature and the amount of time and those things compound to sort of thin out the evidence the government was pointing to. I don't understand why the... It seems like there are two questions. Is the four days of observed activity enough to get a warrant? And then even if it was, did they wait too long? I don't see why the part about, yes, the collector stuff is in the affidavit, but so is whatever was on there, we'll still be able to get it years later. I don't see why that doesn't take care of the staleness problem as distinct from, well, was there ever enough for probable cause here? I'm just not sure which argument you're making. Your Honor, I think we're making both. But I think to address the specific issue of whether or not there was enough evidence to say this information would still be found on the computer, I don't believe that the government had put, or that the affidavit supported that. They had the language that was included was boilerplate language and was not pointing to any specific file that would be found or was known to have been found or have been downloaded because what they were describing was uploading and uploading via a device that was connected remotely. Unless, well, what the government is really asking for here is a per se rule that, you know, once child pornography is involved in a case, that any amount of time, the government can wait any amount of time. And we don't believe that the Fourth Amendment supports that. Thank you. All right. We will come down and greet counsel and ask the deputy to adjourn court for the day. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Pamela A. Harris, A. Marvin Quattlebaum Jr., Barbara Milano Keenan